**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dat Quoc Pham, | No. CV-21-01373-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Defense, | |
| Defendant. | |

Pending before the Court is Plaintiff Dat Quoc Pham's Complaint. Plaintiff filed this action pro se on August 9, 2021 against the United States Department of Defense ("DOD") asserting violations of Plaintiff's constitutional rights under the First, Fourth, Fifth, and Thirteenth Amendments of the United States Constitution. (Doc. 1.) At the same time, Plaintiff motioned the Court to proceed *in forma pauperis*, (Doc. 2), and requested the Court appoint Plaintiff counsel for this case. (Doc. 3.) Having reviewed the Complaint, the Court denies Plaintiff's application to proceed *in forma pauperis* and will not appoint counsel.

### I. APPLICATION FOR *IN FORMA PAUPERIS*
#### A. Frivolity

"The district court may deny permission to file a complaint *in forma pauperis* if the complaint is frivolous on its face." *DeRock v. Sprint-Nextel*, No. 1:11-cv-00619-BLW-LMB, 2014 U.S. Dist. LEXIS 79747 (D. Idaho June 11, 2014) (citing *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990)). "[The] term 'frivolous,' when applied to a complaint,

embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *O'Loughlin*, 920 F.2d at 617; *see also DeRock v. Sprint-Nextel*, 584 Fed. Appx. 737, 737-38 (9th Cir. 2014). Further, "[a] court may dismiss a claim…if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Gray v. Trump*, No. CV-20-00079-TUC-DCB, 2020 U.S. Dist. LEXIS 49480, at 2 (D. Ariz. Mar. 23, 2020) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Plaintiff's Complaint is a laundry list of unsupported allegations that the DOD is using technology for a "mass hijacking" of people's brains and to steal the Plaintiff's memories. (Doc. 1 at 6.) He accuses the DOD of "thought policing" and "observing the future" with the goal of manipulating present events. (*Id.*) All of this is supposedly accomplished through a "high-powered microwave system weapon." (*Id.*) The Court finds these allegations to be "'fanciful,' 'fantastic,' and 'delusional[,]'" and so denies permission to proceed *in forma pauperis*. *DeRock*, 584 Fed. Appx. at 737-38.

### B. Indigence

As an independent ground for denial, the Court notes that Plaintiff does not appear to meet the standards for indigence. Plaintiff notes he is employed and has a monthly income of $1860.00. (Doc. 2.) Plaintiff has more than $2000.00 saved between his two bank accounts. (*Id*.) Further, he lists his total monthly expenses as $235.00. More than half of the expenses listed are categorized expenses for "Recreation, entertainment, newspapers, magazines, etc." (*Id*.) Even after subtracting all listed expenses, Plaintiff still has a net disposable income of more than $1600.00 a month, which equals more than $19,000.00 per year. The 2021 poverty guidelines published by the Department of Health and Human Services set the poverty guideline for households consisting of a single person at $12,880.00. Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg 7732 (Feb. 1, 2021). At least one court in this district has previously denied a Plaintiff's request to proceed *in forma pauperis* when a Plaintiff's income and support was greater than 130% of the poverty guidelines. *Gray v. Trump*, No. CV-20-00079-TUC-DCB, 2020 U.S. Dist.

LEXIS 49480, at *3 (D. Ariz. Mar. 23, 2020). A plaintiff's need to proceed *in forma pauperis* is a fact intensive inquiry, and the Court does not intend to set forward this formula as an absolute or unwavering benchmark for granting or denying an application to proceed *in forma pauperis*. However, on the facts before it, the Court finds this Plaintiff is not indigent.

**II. REQUEST FOR COUNSEL**

Plaintiff has also requested that the Court order counsel to represent him in this matter. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, a court may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Though this provision is most often applied to cases in which prisoners in custody are seeking post-conviction relief, caselaw suggests the authority to request counsel to represent an indigent party is not limited to those circumstances. *See, e.g.*, *CFTC v. Brockbank*, 316 Fed. Appx. 707, 712 (10th Cir. 2008); *Rumbin v. Duncan*, 856 F. Supp. 2d 422, 424 (D. Conn. 2012); *Fisher v. CFC Capital Corp.*, 97 B.R. 437, 438 (Bankr. N.D. Ill. 1989). To determine whether "exceptional circumstances" merit the appointment of counsel, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

The Court will not appoint counsel here. First, the Plaintiff does not qualify as indigent so any statutory basis for requesting counsel under 28 U.S.C. § 1915(e)(1) does not apply. Second, the Plaintiff's allegations are frivolous which shows the merits of his case and likelihood of success are very low. Finally, the Court notes that in reality Plaintiff's claims are not as complicated or complex as he argues them to be. The legal theories are actually fairly straight forward. Plaintiff believes the government has violated his First Amendment rights by controlling his thoughts, violated his Fourth Amendment

right to be free of searches and seizures by reading his mind and controlling his body, violated his Fifth Amendment right to his property by stealing his memories and ideas, and violated his Thirteenth Amendment right by forcing his brain to do strenuous work without his consent. The legal theories are fairly straightforward, they simply have no basis in fact. Appointment of counsel is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis*, (Doc. 2), and requested for appointment of counsel, (Doc. 3), are denied.

**IT IS FURTHER ORDERED** that if Plaintiff does not pay the required filing fee by **Wednesday, September 15, 2021** this action will be terminated.

Dated this 16th day of August, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge