1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dat Quoc Pham, | No. CV-21-01373-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Defense, | |
| Defendant. | |

Pending before the Court is Defendant Department of Defense's Motion to Dismiss Amended Complaint ("MTD"), (Doc. 15), and Plaintiff Pham's Motion to Amend Complaint ("MTA"), (Doc. 27).  The Motions have been briefed.  (*See* Docs. 21; 22; 29.) The Court has read and considered the parties' briefing and relevant case law and will grant the MTD but deny the MTA for the reasons discussed below.

**I.     BACKGROUND**

Plaintiff filed his initial complaint on August 9, 2021.  (Doc. 1.)  The First Amended Complaint ("FAC") was filed on August 27, 2021 and is the operative complaint.  (Doc. 9.)  In his FAC, Plaintiff describes a CIA program titled "Project MK ULTRA" that ran from 1953 to 1973.  Plaintiff alleges MK ULTRA was a program designed to research behavior modification.   (*Id.* at 1.)  The FAC continues to summarize other documents— attached to the complaint—that purportedly show covert government projects by the United State and Russia, including mind-control technology, Havana Syndrome induced by pulse radio frequency energy, and microwave radiation creating various health ailments.

(*Id.* at 2–3.)  The FAC also alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

In his statement of facts, Plaintiff alleges the Department of Defense ("DOD") is operating secret technology that can "hijack" a person's brain remotely.  (*Id.* at 4.)  He then alleges someone, or something, has hijacked his brain—he refers to the someone or something as "they".  (*Id.*)  As a result of the hijacking, "they" are forcing his brain to do strenuous work, stealing his memories and understanding, modifying his behaviors, policing his thoughts, altering his beliefs, and causing other harms.  (*Id.* at 4–6.)  Plaintiff asks for monetary and declaratory relief in the form of ordering DOD to stop the use of the technology they are operating.  (*Id.* at 6.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction.  "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A court has subject-matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties.  28 U.S.C. §§ 1331, 1332.  Because our jurisdiction is limited, it is to be presumed that a cause lies outside of it, and the burden of establishing jurisdiction is on the party asserting it. *Kokkonen*, 511 U.S. at 377.

The party asserting jurisdiction bears the burden of proof.  *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  When the plaintiff does not meet the burden of showing the court has subject-matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).  "Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).

## III.  DISCUSSION

DOD moves to dismiss this case because the United States has sovereign immunity

and there has not been a valid waiver of that immunity. "Sovereign immunity is jurisdictional in nature" and "shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Thus, to maintain this action, Plaintiff must show a waiver of that immunity. A waiver of sovereign immunity "must be unequivocally expressed" by Congress in the relevant statute, and any such waiver "must be construed strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992) (internal quotation marks and citations omitted); *see also Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 768 (9th Cir. 2018) ("The clear textual waiver rule 'ensures that Congress has specifically considered . . . sovereign immunity and has intentionally legislated on the matter.'" (quoting *Sossamon v. Texas*, 563 U.S. 277, 290 (2011))). Consequently, Plaintiff has "the burden of proving that Congress has consented to suit by affirmatively waiving sovereign immunity in the specific context at issue." *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 232 (5th Cir. 2015). In his response, Plaintiff concedes that sovereign immunity has not been waived, and the Court agrees.

The only plausible avenue for Plaintiff to seek money damages in this case, which sounds in tort, is through the Federal Tort Claims Act ("FTCA"). The FTCA waives the sovereign immunity of the United States for certain torts committed by federal employees. *F.D.I.C.*, 510 U.S. at 475. This limited waiver only applies if requirements prescribed by Congress are met. *Mackall v. United States Dep't of Def.*, No. CV RDB-17-0774, 2017 WL 5564665, at *4 (D. Md. Nov. 20, 2017). One such requirement that no action can be brought against the United States for money damages for personal injury unless the claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675. Here, Plaintiff has presented no evidence—nor does he allege—that he filed a notice of claim with the appropriate federal agency, which leaves this Court without jurisdiction to hear the claim.

However, Plaintiff seeks to amend his complaint and proceed under 5 U.S.C. § 702. That section states, in part, that "[a] person suffering legal wrong because of agency action,

or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The Government objects to Plaintiff's MTA because the amendment would be futile. Specifically, DOD argues that Plaintiff lacks standing to bring an action under 5 U.S.C. § 702 and, even if he had standing, the claim fails under the Administrative Procedure Act.

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy . . . [that] developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff has the responsibility of establishing standing, *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992), and must do so for each claim brought, as well as the type of relief sought, *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To do this, Plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. Id. "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 578 U.S. 338.

Here, the FAC fails to allege any facts demonstrating the first two elements. As to injury in fact, the FAC alleges that his brain was hijacked and lists a number of resulting injuries. This allegation is unbelievable. Additionally, as DOD points out, Plaintiff acknowledges that he can prove injury only if he can gain access to technology required to read memories. (Doc. 21 at ¶6). DOD also points out that there are no facts in the FAC linking any injury to conduct of the DOD. The FAC refers to "someone or something that hijacked my brain." (Doc. 9 at ¶12.) There are no other allegations about who conducted the hijacking that led to injury. Therefore, the Court finds that Plaintiff has failed to establish standing.

Because Plaintiff lacks standing, the Court will not address whether the claim fails under the APA. Consequently, this Court lacks jurisdiction and amendment would be futile.

Therefore,

- 4 -

**IT IS ORDERED** granting the DOD's MTD, (Doc. 15), and dismissing this case with prejudice.

**IT FURTHER ORDERED** denying Plaintiff's MTA, (Doc. 27).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in accordance with this order and terminate this action.

Dated this 23rd day of June, 2022.

Honorable Susan M. Brnovich
United States District Judge